UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: AUG 2 6 2014

UNITED STATES OF AMERICA,

     Plaintiff,

   –v–

ZAMAN MAHABUB,

     Defendant.

13-cr-908-1 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

  Before the court are Defendant Zaman Mahabub's pretrial motions to (1) compel the government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f), and (2) sever his trial from that of his co-defendants under Federal Rules of Criminal Procedure 8(b) and 14. *See* Dkt. No. 96. Mahabub has also moved for oral argument on his motion for a bill of particulars. *See* Dkt. No. 116. Oral argument is denied as unnecessary, and for the following reasons, Mahabub's motion for a bill of particulars is denied, and his motion to sever his trial is denied as moot.

**I. Background**

  A grand jury indicted Mahabub and thirteen co-defendants on November 19, 2013, and charged Mahabub with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. The grand jury returned a superseding indictment on July 8, 2014, adding against Mahabub a second count of conspiracy to commit fraud in connection with identification documents, in violation of 18 U.S.C. § 1028(a)(3).

  The Superseding Indictment alleges that between 2007 and November 2012, Mahabub and his co-conspirators participated in a scheme to open bank accounts using false names or sham companies, deposit counterfeit checks into those accounts to inflate their balances, and

1

withdraw the funds before the banks could discover that the checks were counterfeit. *See* Superseding Indictment ¶ 2. According to the government, the conspiracy's leaders would provide the accountholders with false identity information when necessary, and would fabricate documents such as utility bills to give the sham companies the false appearance of substance. *Id.* ¶ 3(c). The conspirators are also alleged to have created false identification documents such as United States visas and Bangladeshi birth certificates. *Id.* ¶ 8. After making small legitimate deposits so that the banks would make funds available immediately in the future, the accountholder would deposit the counterfeit checks by making several deposits at different branches of the same bank on the same day. *Id.* ¶¶ 3(d)-(f). The conspirators would withdraw the funds over the weekend, and abandon the accounts by the time the banks discovered the counterfeiting on Monday morning. *Id.* ¶ 3(h). The scheme allegedly netted the conspirators at least $8 million from fifteen banks. *Id.*

The government also alleges that the conspirators would use the false identities and fictitious companies to obtain various forms of credit from financial institutions, including credit cards, business loans, and residential mortgages. *Id.* ¶ 3(i). These forms of credit were put toward the conspirators' personal use, and the debts were not repaid. *Id.*

Specifically, the indictment alleges that Mahabub provided an unnamed coconspirator with the false identity "Noor Hosson" in December 2010. *Id.* ¶ 6(a). That identity was used both to obtain credit cards and to open bank accounts wherein counterfeit checks were deposited. *Id.* ¶ 6(a).

## II.     Bill of Particulars

Federal Rule of Criminal Procedure 7(f) permits a defendant to move for a bill of particulars "in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). A bill of particulars is not required unless "the charges of the indictment are so general that they do not advise the defendant of the specific

2

acts of which he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (quoting *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (quotation marks omitted)). The government can also discharge its obligation to disclose this information by other means, such as by presenting evidence in discovery. *Walsh*, 194 F.3d at 47.

The purpose of a bill of particulars is to ensure that a defendant has the information necessary to prepare a defense, not to turn over all information that would aid the defendant. *United States v. Trippe*, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001); *accord United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985); *cf. United States v. Kendall*, 665 F.2d 126 (7th Cir. 1981) ("The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved."). The government's presentation of evidence at trial is limited to the particulars contained in the bill, so care must be taken not to overly restrict the government's proof while still protecting the defendant from unfair surprise. *Payden*, 613 F. Supp. at 816 (citing *United States v. Boffa*, 513 F. Supp. 444, 484-85 (D. Del. 1980)); *see also United States v. Green*, No. 04-cr-424 (RWS), 2004 WL 2985361, at *2 (S.D.N.Y. Dec. 23, 2004). A bill of particulars is not meant to provide the details of the government's evidence, or to be used as an investigative tool. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (quoting *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir. 1968)), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010); *see also United States v. Cephas*, 937 F.2d 816, 823 (2d Cir. 1991); *United States v. Salazar*, 485 F.2d 1272, 1278 (2d Cir. 1973).

Local Criminal Rule 16.1 provides that "No motion addressed to a bill of particulars or any discovery matter shall be heard unless counsel for the moving party files in or simultaneously with the moving papers an affidavit certifying that counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach agreement." Though Mahabub's counsel filed an affidavit in support of the motion for a bill of particulars, *see* Dkt. No. 97, that affidavit does not indicate that counsel conferred with opposing counsel to

resolve the dispute beyond serving a request for a bill of particulars before the Superseding Indictment was filed, *see id.* ¶ 4. This alone would be enough reason to deny the motion. Even if it were not, however, a bill of particulars would not be required.

In his motion, Mahabub seeks to compel the government to disclose (1) the name of the coconspirator to whom he allegedly provided the "Noor Hosson" identity; (2) the scope of his alleged involvement in the fraudulent schemes charged; and (3) the specific fraudulent transactions that he was involved in, "including the time, date, location, amount, parties, alleged victim, and location of each transaction." Mahabub Mem. 6-7. He argues that the allegations in the indictment are otherwise insufficient for him to prepare a defense, because the indictment does not link his provision of the Noor Hosson identity to an unnamed co-conspirator with its allegation that indicted co-defendant Dipok Rana is also known as "Noor Hosson." *Id.* at 7. Furthermore, only one of the overt acts in furtherance of the conspiracy alleged in the indictment was personally undertaken by Mahabub: providing this false identity to the unnamed co-conspirator. He contends that based on this allegation, it is unclear whether he will be "accused of conduct beyond the scope of the overt act alleged." *Id.*

The government has indicated that it will identify the name of the co-conspirator to whom Mahabub provided the Noor Hosson pursuant to a protective order. *See* Gov't Mem. 5. Based on that representation, Mahabub's motion is denied as moot with respect to the name of that co-conspirator.

Mahabub's second and third requests, to have the government disclose "the scope of his alleged involvement" in the conspiracy and the specifics of his alleged involvement in any transactions, are unnecessary in light of the information already disclosed. The Superseding Indictment explains in significant detail the alleged means by which the conspiracy committed bank fraud and fraud in connection with identification documents. After alleging the existence of a conspiracy, the indictment explains that it involved opening lines of credit and checking accounts using false identities supported by the fake identification documents (such as visas and birth certificates) that the defendants created. Superseding Indictment ¶¶ 3, 8. It further explains

4

that the defendants used those checking accounts to deposit counterfeit checks and draw on the funds before the financial institutions could discover the deceit, and even alleges the various locations from which the defendants would draw funds. *Id.* ¶ 3. The indictment alleges sixteen overt acts in furtherance of the bank fraud conspiracy, *see id.* ¶ 6, and four more in furtherance of the conspiracy to commit fraud with identification documents, *see id.* ¶ 12. Those allegations include details about locations, dollar amounts, and dates on which the overt acts occurred. *See id.* ¶¶ 6, 12.

Much of Mahabab's argument in support of his motion concerns the evidence that the government has provided in discovery showing his direct participation in the alleged overt act. See Mahabub Mem. 8-10. By alleging that Mahabub was involved in only one of the conspiracy's overt acts and by providing a relatively small amount of evidence directly related to his actions among 20,000 pages of discovery, he says, the government has left the particulars of his involvement unclear. *Id.* This argument is a red herring. Mahabub is charged with conspiracy to commit the crimes listed in the indictment, so all of the allegations in the indictment and evidence provided in discovery relate to him insofar as he can be held accountable for the acts of other members of the conspiracy as well. *See Pinkerton v. United States*, 328 U.S. 640, 646 (1946). In addition to its detailed allegations in the indictment with regard to the co-conspirators' actions, the government has provided in discovery bank records showing the accounts opened in the name of the fake companies and false identities, surveillance videos, and seized evidence of the legitimate checks used to create counterfeit checks, among other items. *See* Gov't Mem. 11-12. In light of these allegations and evidence, there is no risk that Mahabub will be surprised by the proof presented at trial.

The government already having agreed to provide the name of the co-conspirator to whom Mahabub allegedly provided the Noor Hosson identity, the motion for a bill of particulars is denied in all respects.

### III. Severance

Mahabub has also moved to sever his trial from his codefendants under Federal Rules of Criminal Procedure 8(b) and 14. However, all of Mahabub's codefendants have either pleaded guilty or are fugitives who are not expected to be arrested in the near future. *See* Gov't Mem. 14. As Mahabub has no potential joint defendants, his motion for severance is denied as moot.

### IV. Conclusion

For the foregoing reasons, Mahabub's motion to compel a bill of particulars under Federal Rule of Criminal Procedure 7(f) is DENIED, with the request to identify the co-conspirator to whom Mahabub allegedly provided the Noor Hosson identity denied as moot in light of the government's agreement to provide this information. The motion to sever trial under Rules 8(b) and 14 is DENIED as moot.

This resolves Docket Nos. 96 and 116.

SO ORDERED.

Dated: Aug. 26, 2014
New York, New York

ALISON J. NATHAN
United States District Judge

6